Per Curiam.

With respect to the Sheldon note for 25 dollars, if it was received on account of the estate, or if it *55 was received as a compensation for relinquishing the action, without doubt the administratrix ought to account for it; but this was a matter to be tried by the jury, and the instruction of the judge, we think, was sufficiently liberal for the plaintiff, — “if the note was given in discharge of any just claim in favor of the estate, it was a fraud upon the creditors.” The administratrix would have been answerable for the whole amount of the debt discharged, on an allegation of waste.
In regard to the Palmer note, there seems to have been nothing fraudulent or unfair. The administratrix has accounted for as much or more than she would have had to account for, if she had kept that note and sold the equity of redemption with the whole incumbrance of 215 dollars The suggestion, that from her not accounting specifically for this note, the creditors may have been led into' expense by supposing that this sum was not accounted for, has some weight; but this respects only the mode of accounting, and if a reasonable and just account is rendered, she is not bound to any particular form.
The statute provides only that one inventory shall be returned.[1] For all property received subsequently to such return the administrator is bound to account,[2] but not in the form of an inventory. This is required neither by the statute, nor by the condition of the bond.

Judgment on the verdict.

 See Revised Stat. c. 65, § 1.

 See White v. Swain, 3 Pick. 365; Dexter v. Arnold, 3 Mason,-284; Potter v. Titcomb, 7 Greenl. 315.
If after an order of distribution further assets come to the hands of the executor or administrator, the judge of probate shall make such further de cree or decrees for the distribution thereof, as the case may require. Reviseá Stat. c. 68, § 18.